PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

# IN THE UNITED STATES DISTRICT COURT

MAY 11 2023

## FOR THE ___EASTERN___ DISTRICT OF TEXAS

BY
DEPUTY

## ___BEAUMONT___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

DAVIS WALTERS

**PETITIONER**
(Full name of Petitioner)

WAINWRIGHT UNIT - TDCJ

**CURRENT PLACE OF CONFINEMENT**

vs.

2292782

**PRISONER ID NUMBER**

BOBBY LUMPKIN
Director TDCJ-ID

1:23cv185

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

| | | |
|---|---|---|
| ☒ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack:   25th District Court

    Jefferson County, Texas

2.    Date of judgment of conviction:  October 30, 2019

3.    Length of sentence:   Life

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:   18-30443

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☐ Not Guilty  ☒ Guilty  ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☒ Jury  ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☒ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal?  Ninth Court

    Of Appeals _____  Cause Number (if known): 09-19-00388-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

    What was the date of that decision? November 24, 2021

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: Same Grounds As Raised On Direct Appeal

    _____

    Result: Refused

    Date of result: May 4, 2022    Cause Number (if known): PD-0026-22

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: N/A

    Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 252nd District Court

    Nature of proceeding: State Writ of Habeas Corpus - 11.07

    Cause number (if known): 18-30443 / WR-94,609-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: January 12, 2023

Grounds raised: Trial Court Error; Ineffective Assistance on Trial Counsel

Date of final decision: March 15, 2023

What was the decision? Denied Without Written Order

Name of court that issued the final decision: Court of Criminal Appeals - Austin, TX

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

(b)    Give the date and length of the sentence to be served in the future:
N/A

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?     ☐ Yes     ☒ No

**Parole Revocation:**

13.     Date and location of your parole revocation: _____ N/A _____

14.     Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?     ☐ Yes     ☒ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes     ☐ No     N/A

16.     Are you eligible for release on mandatory supervision?     ☐ Yes     ☐ No     N/A

17.     Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____ N/A _____

Disciplinary case number: _____ N/A _____

What was the nature of the disciplinary charge against you? _____ N/A _____

18.     Date you were found guilty of the disciplinary violation: _____ N/A _____

Did you lose previously earned good-time days?     ☐ Yes     ☐ No     N/A

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____ N/A _____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____ N/A _____

_____

_____

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes     ☐ No     N/A

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____ N/A _____

Date of Result:  N/A

Step 2  Result:  N/A

Date of Result:           N/A

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:**  Walters was denied Due Process and a Fair Trial when the Trial Court erred.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial Court erred when it failed to comply with Texas Code of Criminal Procedure Article 36.01(a)(1) by failing to seek Petitioner's plea on both enhancement paragraphs and instructed the jury to consider both enhancements and the range of punishment before the entry of Petitioner's plea.

B.  **GROUND TWO:**  Walters' trial attorney was ineffective, violating Petitioner's Sixth and Fourteenth Amendment Rights

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial counsel was ineffective by failing to know the law and object to trial court failure to seek Petitioner's plea to both enhancement paragraphs and the admission of Petitioner's prior convictions without requiring the State to prove convictions were final and Petitioner was the person previously convicted.

C.   **GROUND THREE:** Walters was denied Due Process and a Fair Trial when the prosecutor elicited inadmissible evidence.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State elicited testimony from the mother of the deceased regarding her personal desire for punishment of Petitioner. Those desires included her opinion that Petitioner should be required to pay for what he did by the assessment of a life sentence. The jury followed her admonition, just as she requested.

D.   **GROUND FOUR:** Walters was denied Due Process and a Fair Trial when the Trial Court refused to instruct the jury on sudden passion.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The evidence raised the issue that Petitioner acted under sudden passion. Petitioner submitted a requested instruction on sudden passion but the trial court refused the instruction, noting Petitioner's objection. The trial court committed reversible error in refusing to so instruct the jury.

21.   Relief sought in this petition: Petitioner seeks a federal review of the entire cause, issues, and facts; (2) An evidentiary hearing; (3) A reversal of his conviction and sentence, and any and all further relief to which he is entitled and this Court deems appropriate and just.

22.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ N/A _____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No N/A

23.   Are any of the grounds listed in question 20 above presented for the first time in this petition?   ☐ Yes   ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____

_____

_____

24.   Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____ N/A _____

25.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)   At preliminary hearing: Nathan Reynolds Jr.   221 S. Memorial Fwy Nederland, TX 77627

    (b)   At arraignment and plea: Nathan Reynolds Jr.

    (c)   At trial: Nathan Reynold Jr.

    (d)   At sentencing: Nathan Reynolds Jr.

    (e)   On appeal: Dustin Glamor   485 Milam St. Beaumont, TX 77701

    (f)   In any post-conviction proceeding: Pro se

(g)    On appeal from any ruling against you in a post-conviction proceeding: __N/A__

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____ N/A _____

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____May 4, 2023_____ (month, day, year).

Executed (signed) on ____May 4, 2023_____ (date).

_____

Signature of Petitioner (required)

Petitioner's current address: Wainwright Unit 2665 Prison Rd. #1, Lovelady, TX 75851

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVIS WALTERS                         §
    Petitioner,                    §
                                   §
v.                                    §    CIVIL ACTION NO._____
                                   §
BOBBY LUMPKIN, Director TDCJ-ID       §
    Respondent.                    §

MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVIS WALTERS, "Walters", Petitioner pro se and files this post-conviction Application for Writ of Habeas Corpus relief pursuant to the provisions of 28 U.S.C. § 2254, and would respectfully show the Court:

## I.
## LIBERAL CONSTRUCTION DOCTRINE

Walters proceeds pro se and is a layman, unskilled and without training in the drafting of legal papers. Therefore, he is entitled to a less stringent standard than those pleadings filed by lawyers. See Haines v. Kerner, 404 US 519, 520 (1972); Hernandez v. Thaler, 630 F.3d 420, 426-27 (5th Cir. 2011).

## II.
## BRIEF HISTORY OF CASE

Walters states and alleges that he is currently held in confinement by the Director of the Institutional Division of the Texas Department of Criminal Justice at the unit located at 2665 Prison Rd. #1, Wainwright Unit, in Lovelady, Houston County, Texas. Walters alleges that his present sentence under which he is now

1

restrained is illegal and void, in that his Constitutional Rights were violated during his trial.

On October 28, 2019 Walters plead "Guilty" and elected for a jury to assess punishment. (CR. I-38-39; RR. III-6-7)  The jury trial on punishment commenced on October 29, 2019 in which the jury found Petitioner had previously been convicted of a felony and assessed punishment at Life in the Institutional Division of the Texas Department of Criminal Justice, together with a fine of $10,000.  (RR. VI-26; CR. I-54)  On October 30, 2019 the trial court sentenced Petitioner in accordance with the verdict of the jury.  (RR. VI-28)  Judgement was signed on October 30, 2019. (CR. I-55-57)  The trial court certified that Appellant has the right to appeal.  (CR. I-61)  On November 5, 2019 Petitioner filed written notice of appeal.  (CR. i-67)  Walters timely appealed to the Ninth Court of Appeals in Cause No. 09-19-00388-CR, who, in an unpublished opinion, affirmed the conviction on November 24, 2021. After this, Petitioner filed a Petition For Discretionary Review, Cause No. PD-0026-22, which was refused on January 25, 2022. Therefore, Petitioner filed an application for Writ of Habeas Corpus (11.07), in which was denied without written order on March 15, 2023.  This application for Writ of Habeas Corpus 28 U.S.C. § 2254 follows.

## III.
## GROUNDS FOR HABEAS CORPUS RELIEF

**GROUND ONE:**  Walters was denied Due Process and a Fair Trial when the trial court erred.

**GROUND TWO:**  Walters' trial attorney was ineffective, violating Petitioner's Sixth and Fourteenth Amendment Rights.

**GROUND THREE:**  Walters was denied Due Process and a Fair Trial when the Prosecutor elicited inadmissible evidence.

**GROUND FOUR:**  Walters was denied Due Process and a Fair Trial when the trial court refused to instruct jury on sudden passion.

## IV.
## LEGAL STANDARDS

Walters' petition for federal habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act "AEDPA".  See Woodford v. Garceau, 538 US 202, 207 (2003); Lindh v. Murphy, 521 US 320, 335-36 (1997).  Under AEDPA, federal habeas relief based on claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  See 28 U.S.C. § 2254(d); Early v Packer, 537 US 3, 7-8  (2002); Cobb v. Thaler, 682 F.3d 364, 372-73 (5th Cir. 2012).

3

Review under AEDPA is "highly deferential" to the state court's decision.  See Woodford v. Visciotti, 537 US 19, 24 (2002)(per curiam).  To merit relief under AEDPA, a petitioner may not simply point to legal error in the state court's "decision".  See White v. Woodall, 572 US 415, 419 (2014)(stating being "merely wrong" or in "clear error" will not suffice for federal relief under AEDPA).  AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems."  See Woods v. Donald, 575 US 312, 316 (2015)(internal citation and quotation marks omitted).  "[F]ocus[ing] on what a state court knew and did,"  See Cullen v. Pinholster, 563 US 170, 182 (2011), AEDPA requires inmates to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair [-] minded disagreement."  See Woodall, 572 US at 419-20 (quoting Harrington v. Richter, 562 US 86, 103 (2011)).  "If this standard is difficult to meet, that is because it was meant to be."  Richter, 562 US at 102.

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, the Court may grant habeas relief under section 2254(d)(1) only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent.  Id. at 97-98.  Under the "contrary to" clause, the Court may grant habeas relief if the state "reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different

4

conclusion than the Supreme Court on materially indistinguishable facts." See <u>Mata-Moros v. Stephens</u>, 783 F.3d 212, 215 (5th Cir. 2015)(internal quotation marks and citations omitted).   To constitute an "unreasonable application" of clearly established federal law, the state court's decision "must be objectively unreasonable, not merely wrong; even clear error will not suffice." See <u>Woods</u>, 572 US at 316.

## V.
## ARGUMENTS AND AUTHORITIES

**GROUND ONE:**

1)  Walters was denied Due Process and a Fair Trial when the trial court erred.

The trial court erred when it failed to comply with Criminal Code of Procedure (CCP) Article 36.01(a)(1) by failing to seek Petitioner's plea on both enhancement paragraphs and instructed the jury to consider both enhancements and the range of punishment before the entry of Petitioner's plea.

At trial and the end of voir dire, the jury was excused. The court asked if there was anything that needed to be taken care of before the break for lunch.  Mr. Nichols for the State replied: "Just, Your Honor, that the defense has informed me they will agree to the admissibility of these two prior convictions, which are labeled State's Exhibits 3 and 4. "

THE COURT: "Okay "

MR. NICHOLAS: "I want to make sure we have that understanding."

MR. REYNOLDS: "Yes, we stipulate to that, Judge."

5

THE COURT: "So, State's 3 and 4 are admitted then."

See RR. IV-83.

Petitioner asserts that even though the prior convictions were stipulated to at the end of voir dire, his Fourteenth Amendment Due Process right was still violated.

It is well recognized that The Court of Criminal Appeals has held that, when the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not require the reading of the enhancement paragraphs and the receipt to the defendant's plea to the enhancement paragraphs. See Lopez, 452 S.W.3d at 428; Boyd v. State, 2019 Tex.App.LEXIS 5554.

Unfortunately, the trial court did not assess punishment in Petitioner's trial, the jury did, so therefore, 36.01(a)(1) was mandatory to seek Petitioner's plea in front of the jury at the punishment phase in which did not happen, violating Petitioner's right to a Fair Trial.

The error in not requiring a defendant to plead to the enhancement paragraphs harms a defendant by denying him the benefit of the rule in Ex Parte Sewell, 742 S.W.2d 393, 393-94 (Tex.Crim.App. 1987).

In addition, a defendant's right under Article 36.01, to stand before the jury and plead "untrue" to the enhancement paragraphs is a valuable right.

2) The trial court also erred when it instructed the jury to consider both enhancements and the range of punishment before the entry of Petitioner's plea.

6

At the reading of the jury charge, The Court stated: "The State has accused the defendant of having been convicted of a felony once before.  It ask that you find this accusation true and assess the punishment under the law applicable to defendantśswith a prior felony conviction... .

The range of punishment from which you must assess the defendant's punishment, therefore, depends on whether you find the State has proved either one of the prior conviction accusations... . See RR VI-13..

If the State proves the accusation of a prior conviction is true, this offense is punishable by: 1, a term of imprisonment for no less than 15 years and no more than 99 years or for Life and a fine of no more than $1,000." See RR VI-14.

At the punishment hearing, the trial court did not read the indictment containing the enhancement paragraphs at the beginning of the punishment phase because the enhancement was not plead in the indictment.  Petitioner understands that the enhancements in the indictment are not the only reasonable method of conveying such notice.  At 34:  <u>As with deadly weapon findings, prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment - although it is permissible and perhaps preferable to do so</u>.  See <u>Brooks v. State</u>, 957 S.W.2d 30,33 (Tex.Crim.App. 1997).

However, <u>since the jury assess punishment and not the trial court, it is mandatory to pled to the enhancements in which the Petitioner did not</u>.  Neither did the State put on any evidence to

prove the prior conviction.  According to <u>Henery v. State</u>, 509
S.W.3d 915, 919 (Tex.Crim.App. 2016), "<u>[A] certified judgement on
its own is insufficient to prove a prior conviction</u>.  As in the
Petitioner's case, the State introduced, and the trial court admi-
tted in which Petitioner had stipulated to the prior conviction
but because the trial court was not the <u>fact-finder, Petitioner's
plea was mandatory, and no issue is joined between the State and
the Petitioner with respect to the Petitioner's prior criminal
record if this is not done</u>.  See <u>Mendez v. State</u>, 212 S.W.3d 382,
388 (Tex.App.-Austin 2006,pet.ref'd).

Therefore, the trial court erred when it failed to comply
with CCP Art. 36.01(a)(1) by failing to seek Petitioner's plea on
both enhancement paragraphs and instructing the jury to consider
both enhancement paragraphs and the range of punishment before the
entry of Petitioner's mandatory plea violating his Fourteenth
Amendment right denying him a Fair Trial.

GROUND TWO:

1) Walters' trial attorney was ineffective violating Petitio-
ner's Sixth and Fourteenth Amendment rights.

Trial counsel was ineffective by failing to know the law and
object to trial court failure to seek Petitioner's plea to both
enhancement paragraphs and the admission of Petitioner's prior
convictions without requiring the State to prove convictions were
final and Petitioner was the person previously convicted.

The reading of the sentencing enhancement allegations and
the entry of the defendant's plea thereon are mandatory, and no

issue is joined between the State and the defendant with respect
to the defendant's prior criminal record if this is not done.  See
Turner v. State, 897 S.W.2d 786, 788 (Tex.Crim.App 1995).

When error in the reading of sentencing enhancement allegations
and entry of the defendant's plea thereon is discovered after the
State rest at the punishment stage, the correct procedure is to,
"allow the State to reopen, read the enhancement allegations, take
the plea, and reintroduce or stipulate the previously introduced
evidence." See Turner v. State, 897 S.W.2d 786, 788 (Tex.Crim.App.
1995).

However, this alternative was not done because Petitioner's
counsel failed to object and know the law.

At the end of voir dire, the State introduced State's Exhibits
3 and 4 in which Petitioner's counsel stated:

MR. REYNOLDS:  "Yes, we stipulate to that, Judge."

THE COURT:  "So, State's 3 and 4 are admitted then."

See RR. IV-83.

At the beginning of the punishment phase, Mr. Nichols, attorney
for the State, stated the following:

MR NICHOLAS:  "Thank you, Your Honor.  First, I would like to
offer into evidence -- or publish what's already
been admitted as State's Exhibit 3 and 4, Your
Honor."

THE COURT:  "Yes, that's fine."

Let it be known that  State's Exhibit 3 and 4 are Petitioner's
prior convictions.  At this stage of the trial on punishment,

9

Petitioner's counsel was ineffective when he failed to know the law and object to the admission of Petitioner's prior convictions.  By trial counsel's silence on this matter proves that he did not know the law under CCP Article 36.01(a)(1) in which requires Petitioner's plea to both enhancement paragraphs.  Also, counsel failed to know according to Lopez v. State, 452 S.W.3d 425, 428 (Tex.App.-Houston [1st. Dist] 2014,pet.ref'd); and Davis v. State, 970 S.W.2d 747, 749 (Tex.App-Houston [14th Dist] 1998, no pet.), that only, "when the trial court assess punishment, a defendant is not required to state an oral plea to the enhancement paragraphs on the record if he previously stipulated to the allegations in the enhancement paragraphs."  See Lopez, 452 S.W.3d at 429; Reed v. State, 500 S.W.2d 497, 499 (Tex.Crim.App 1973).  It is a fact that Petitioner's trial counsel stipulated to State's Exhibits 3 and 4, but the fact-finder in Petitioner's punishment was the jury and not the Court.  Therefore, Petitioner's plea to these enhancements was mandatory in which counsel failed to know the law and object in order to bring the issue to the attention of the trial court.

    2) Trial counsel was ineffective when he failed to know the law and object to trial courts admission of Petitioner's prior convictions without requiring the State to prove that the convictions were final and the Petitioner was the person who was previously convicted of the offenses.

    The State's Exhibits 3 and 4 are certified judgement that Petitioner's counsel stipulated to while failing to know the law and not objecting to the improperly admitted enhancements.  It is

10

clear that, "[A] certified judgement on its own is insufficient to prove a prior conviction." See Henery v. State, 509 S.W.3d 915, 919 (Tex.Crim.App. 2016).

"Despite the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of the evidence to prove the prior conviction, there is an exception when the record affirmatively reflects that the enhancement itself is improper. See Ex Parte Rich, 194 S.W.3d 508, 513-14 (Tex.Crim.App. 2006); Sanders v. State, 785 S.W.2d 445 (Tex.App.-SanAntonio 1990,no pet.); "applied this exception to a case in which the offenses used for enhancement did not occur in the sequence alleged by the indictment."

In Petitioner's case these enhancements were not pled in the indictment which further proves that Petitioner's counsel failed to know the law and object because they were required to be read before the jury and Petitioner's plea thereto was mandatory according to CCP Article 36.01(a)(1). Because counsel failed to know the law explains why he did not object to the enhancement paragraphs at punishment, violating Petitioner's Sixth and Fourteenth Amendment rights denying him a Fair Trial.

## GROUND THREE:

Walters was denied Due Process and a Fair Trial when the Prosecutor elicited inadmissible evidence.

11

The State elicited testimony from the mother of the deceased regarding her personal desire for punishment of the Petitioner. Those desires included her opinion that Petitioner should be required to pay for what he did by the assessment of a life sentence. The jury followed her admonition, just as she requested.

During the presentation of evidence, the State elicited testimony regarding the specific wishes of the mother of the deceased for the punishment of Petitioner. Tamara Suire, the mother of the deceased, related compelling and harmful evidence to the jury through her tearful testimony. See RR. V-111. During the presentation of her heartfelt testimony, the State elicited evidence concerning her desires for punishment of Petitioner, as reflected at RR. V-118:

Q: [The Prosecutor:] "What do you want this jury to remember about your daughter and her life?"

A: "What I want them to remember - I don't want the jury to really - I JUST WANT THE JURY TO MAKE HIM PAY FOR WHAT HE DONE TO HER, WHAT HE DONE TO THOSE CHILDREN. Kiana is in Heaven with God. You didn't hurt her. You hurt these children that will never (crying) - that will never feel a mother's kiss again. Two of them don't won't even know her. And Cassidy, the older one, she remembers her. She has the most issues. MAKE HIM PAY FOR BRINGING US THROUGH THIS. HE COULD HAVE TOOK THE DEAL FOR 50 YEARS -"

Q: I don't want to talk about anything else before today; okay?"

12

A:  "Oh. okay."

Q:  "ALL RIGHT.  WHAT DO YOU WANT HIS JURY TO DO?"

A:  "MAKE HIM PAY DEARLY FOR DOING THIS TO MY BABY.  He took
    everything that he went through in life and took it out on
    my baby.  He hadn't known her a month.  One month.  He just
    took whatever he was going through out on my child."

Q:  "IS THERE ANY SENTENCE THAT'S JUSTICE FOR YOU AND YOUR
    GRANDCHILDREN AND -"

A:  "LIFE."

(Emphasis Added)

The specific desires of a witness for a specific punishment
is not relevant nor admissible.  The Texas Court of Criminal Appeals
noted long ago that such testimony is inadmisible in Sattiewhite
v. State, 786 S.W.2d 271, 290 (Tex.Crim.App. 1989), at page 290:

> "The argument that a witness may recommend a particular
> punishment to the trier of fact has been soundly rejected."

The reasoning for the prohibition against evidence of victim
desires for punishment was explained in Simpson v. State, 119
S.W.3d 262 (TexCrimApp. 2003) when the Court of Criminal Appeals
stated at page 272:

> "The wishes of the victim's family members as to the
> defendant's fate fall beyond the parameters of victim-
> impact evidence and are not admissible.  Payne, 501 US
> at 830 n.2 (overruling the portion of Booth v Maryland,
> 482 US 496, 96 L.Ed2d 4404, 107 S.ct. 2529 (1986),
> relating to victim-impact evidence, but not overruling
> the prohibition on the victim's family's opinions on
> the defendant or the punishment he should receive).  A
> statement of their opinions as to the punishment
> deserved by the defendant is not a reflection of how
> lives have been impacted by the victim's death."

13

The irrelevance of such testimony for the jury to consider in assessing punishment was clearly set out in Gross v. State, 730 S.W.2d 104, 105-06 (Tex.App.-Texarkana 1987) at page 105:

> "The opinions of nonexpert witnesses are not admissible in criminal cases unless they are rationally based upon the witnesses' perception of the facts, and are helpful to clearly understand their testimony or to assist the fact-finder in determining a fact in issue. Tex R. Crim. Evid. 701. In any event, such opinions are not admissible if they are legal conclusions, or if they amount to little more than the witnesses' choosing sides as to how the case should ultimately be decided. See Boyd v. State, 513 S.W. 2d 588 (Tex. Crim.App. 1974); Spaulding v. State, 505 S.W. 2d 919 (Tex.Crim.App. 1974); Villarreal v. State, 429 S.W. 2d 508 (Tex.Crim.App. 1968; Huffman v. State, 691 S.W.2d 726 (Tex.App.-Austin 1985, no pet.); 24 Tex. Jur. 3d Criminal Law §§ 3237, 3238 (1982); see also, United States v. Phillips, 600 F.2d 535 (5th Cir. 1979); United States v. Masson, 582 F.2d 961 (5th Cir. 1978); Fed. R. Evid. 701. On the question of punishment such opinions have little value, because the witnesses are in no better position to form an opinion than the jury itself, and the allowance of such opinions in evidence would constitute merely an appeal to sympathy or prejudice, and would tend to suggest that the jurors may shift their responsibility to the witnesses. McCormick on Evidence § 12, at 30-31 (3d ed. 1984)."

Even if the witness' testimony had been favorable to Petitioner, such would not have been admissible. The appellate court in Wright v. State, 962 S.W.2d 661, 663 (Tex.App.-Ft.Worth 1998) so stated at page 663:

> "The argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected by the court of criminal appeals. See Sattiewhite v. State, 786 S.W.2d 271, 290 (TexCrimApp. 1989), cert. denied, 498 US 881, 112 L.Ed.2d 181, 111 S.Ct. 226 (1990); see also Hughes v. State, 787 S.W.2d 193, 196 (Tex.App.-Corpus Christi 1990, pet. ref'd). This has been extended by courts of appeals to recommendations by victims. See Hughes, 787 S.W.2d at 196; Grosss v. State, 730 S.W.2d 104, 105-06 (Tex.App.-Texarkana 1987, no pet.)."

14

"In this case, the victim's opinion of the type of punish-
ment petitioner should receive was irrelevant to the court's
evaluation of the facts and evidence of the case in assessing
a proper punishment."

Her tearful testimony and demand for a life sentence was

compelling and damaging to Petitioner. Despite that fact, the

evidence was also not admissible and served to deny him a fair

trial. Some matters improperly brought before a jury are so

harmful that no objection is necessary and that no instruction

to disregard would cure the harm. By analogy see Boyd v. State,

513 S.W.2d 588 (Tex.Crim.App. 1974); Bray v. State, 478 S.W.2d 89

(Tex.Crim.App 1972). This is an example of such harmful and

inadmissible matters improperly placed before the jury. The

evidence was obviously used to successfuuly persuade the jury to

assess the maximum punishment, life and a $10,000. fine. Egregious

harm therefore was caused by the admission of the testimony,

warranting a reversal of this cause.

GROUND FOUR:

Walters was denied Due Process and a Fair Trial when trial

court refused to instruct jury on sudden passion.

The evidence raised the issue that Petitioner acted under

sudden passion. Petitioner submitted a requested instruction on

sudden passion but the trial court refused the instruction,

noting Petitioner's objection. The trial court committed rever-

sible error in refusing to so instruct the jury.

The  trial court erred in refusing to instruct the jury

regarding sudden passion and its effect on the punishment range.

When the trial court inquired about objections to the proposed
charge, defense counsel specifically presented Exhibit A, an
instruction on sudden passion and requested that it be included
in the charge. RR. VI-4. The trial court refused to so instruct
the jury, and noted Petitioner's objection, as reflected at RR.
VI-5:

MR. REYNOLDS [Defense Counsel]: "We believe, due to the
            testimony of the witnesses that he was in a rage
            when he came in the room, and because of the paramour
            or the other party being there, that that will be
            at least an issue that the jury can pass on for
            adequate cause. We're requesting that be included."

THE COURT: "All right. I am going to deny that. There's
            nothing that shows - I think the most important
            thing about that is what the defendant's state of
            mind is, and there hasn't been any testimony that I
            believe rises to even the low threshold of that.
            So, I am going to deny that, but I will put Exhibit
            A - well, actually what I am going to do is mark
            this as Defense 1 for record purposes only - "

MR. REYNOLDS: "Yes, Ma'am."

THE COURT: "- and that way it will go, and your objection will
            be noted for the record."

The evidence was clear that sudden passion had been raised.
The State was well aware that sudden passion was an issue in the
case, when the prosecutor first raised the issue at the time of

16

the plea, stating "I know he is going to be seeking a sudden passion instruction..." RR. III-9. The prosecutor again informed the jury that sudden passion would warrant an instruction regarding how the jury should consider it. When addressing the jury panel concerning the issue, the prosecutor added the fact that he anticipated the issue being raised, as reflected at RR. IV-29:

> Mr. Nichols [The Prosecutor]: "There are circumstances that
> exist. It's important to note, though, that just
> because you are given an instruction in your jury
> charge doesn't mean the Court is saying y'all should
> find it one way, or that it's a strong claim, or
> the evidence is strong. You get the charge if
> there's any issue raised. **And I anticipate that**
> **issues going to be raised today.**" (Emphasis Added)

The evidence made a showing that the evidence warranted an instruction on sudden passion. The State opposed the instruction; however, no matter what the evidence established, the State would not have conceded that the evidence warranted the instruction, as established by a State's witness. The police officer who took the statement from Petitioner, specifically stated that there would never be adequate cause to kill someone, in complete abrogation of the law, as reflected at RR. V-104:

> Q: [The Prosecutor] "It - having a relationship with somebody
> who doesn't want to be with you, wants to be with somebody
> else versus stabbing her, cutting her ten times, what -"
> A: [State's Witness] "One of the things that I made note of in

my report, that I looked at a little bit earlier was that he said something to the effect, she was disrespecting me. And then I guess for the whole baby daddy thing is what he was talking about, best I could tell."

Q:   "She chose Mr. Banks over him?"

A:   "Yes."

Q:   **"IS THERE ANYTHING IN WHAT HE DESCRIBED AS TO WHAT SET HIM OFF THAT YOU THINK WOULD BE ADEQUATE CAUSE TO GO OUT AND KILL SOMEBODY?"**

A:   **"IT NEVER IS, REALLY.**  I mean, when you think about it, of all the murders I have had anything to do with I can't think of one that the victim did something to cause themselves to get killed."  (Emphasis Added)

Obviously, it was the State's position that nothing would warrant admission of the instruction on sudden passion, despite the fact that the State had fully anticipated it from the time of the plea, through voir dire, and during the elicitation of testimony. The evidence clearly established the adequacy of the evidence warranting the instruction.  The stresses of familial relationships and infidelity are generally considered evidence that arouse sudden passion in individuals.  The evidence warranting an instruction includes several factors, as set out in <u>Beltran v. State</u>, 472 S.W.3d 283 (Tex.Crim.App 2015) at page 294:

> "In order to have raised sudden passion, the defense would have to have put on some evidence: (1) that Beltran acted under the immediate influence of terror, anger, rage, or resentment; (2) that Beltran's sudden passion was induced by some provocation by McKnight, and that such provocation

18

> would commonly produce such passion in a person of ordinary
> temper; (3) that Beltran committed the murder (in this case,
> as a party) before regaining his capacity for cool reflec-
> tion; and (4) that there was a causal connection between
> McKnight's provocation, Beltran's passion, and the homicide.
> We conclude that the appellate court failed to consider the
> evidence raising the issue of sudden passion and erroneously
> focused on the evidence tending to show that Beltran did
> not act under immediate influence of sudden passion."

The evidence in this cause met the criteria. Petitioner, (1) obviously acted in a fit of rage or anger; he was suicidal and "his mind was gone or something"; RR. V-72; (2) the rage was precipitated by the relationship Joubert was maintaining with Banks and their surreptitious rendevous at the birthday party; RR. V-57-59, 70-72; (3) the offense occured during the ongoing confrontation in the absence of a period for cool reflection; RR. V-57-72; and (4) the relationship, Petitioner's feelings of betrayal and rage, and the offense were all directly related; RR. V-70-72, 104. The argument that the evidence was meager or weak does not defeat the requirement for the instruction. In 1994, the legislature eliminated the lesser offense of voluntary manslaughter and replaced it with a punishment instruction just as petitioner requested. Thereafter in Trevino v State, 100 S.W.3d 232,238 (Tex.Crim.App. 2003) the Court of Criminal Appeals reversed the punishment because of the harm in failing to properly instruct the jury regarding sudden passion. The Court noted that the instruction is required despite any argument that it is weak, uncontradicted, or incredible, stating at page 238:

19

> "Given the caselaw regarding these statutes, as well as
> our statement in Mims that the sudden passion charge should
> should be given if it is raised by the evidence, we
> conclude that the previous standard concerning whether a
> sudden passion should be given at guilt/innocence equally
> applies now that it is a punishment issue.  That is, a
> sudden passion charge should be given if there is some
> evidence to support it, even if that evidence is weak,
> impeached, contradicted, or unbelievable."

Petitioner was likewise harmed by the increased punishment
range, in that it encouraged the jury to consider the offense more
aggravated than that provided by law.  Upon remand after the
reversal for failure to instruct the jury in Beltran, supra, the
appellate court could have been addressing its finding of harm.
The appellate court noted the almost identical argument as are
present in the case at bar:

> "The State's closing sought a life sentence or at least
> 'one year for every wound inflicted upon' McKinght.
> Urging the jury 'to take into account all the facts
> and all circumstances including that McKnight's murder
> was not the 'worst murder' and 'was not premeditated,'
> Beltran asked for a 'verdict based on justice and a
> verdict based on mercy."

See Beltran v. State. No. 05-12-01647-CR, 2016 Tex.App. LEXIS
7265, at *10-11 (Tex. App.- Dallas July 7, 2016)(not designated
for publication).

The prosecutor herein argued:

[The Prosecutor]: "Trying to think of ways how I could

illustrate to you a number.  Maybe you can add up

his conduct that night; okay?  We will start with

beating her multiple times with his fists in the

face, call it five years.  Choking her to the point

where her eyes are bleeding, call that ten years.

Stomping her head repeatedly into the asphalt of

20

the parking lot, stripping her naked, beating down
the door, ten years.  How about five years for every
time he stabbed or cut her?  That getssyou to 50.  You
add all that up, that's 75.  Does that sound like
enough?"

See  RR. VI-22.

Similarly, in the absence of the requested instruction on
sudden passion, Petitioner could urge nothing more than a plea
for mercy in final argument:

[Defense Counsel]:  "He's asking for mercy."

See RR. VI-21.

Other than the sudden passion raised by the evidence, no other
mitigating factor was presented by the evidence, which magnified
the potential effect of the failure to instruct the jury on sudden
passion.  Again, the appellate court upon remand in Beltran, id.,
addressed this identical failure by the trial court:

> "Further, although defense counsel argued the case was not
> one 'involv[ing] a life sentence' and asked for mercy, he
> was unable to address the merits of sudden passion.  Finally,
> no other significant mitigating factor exists in the record
> magnifying the potential effect the lack of the requested
> instruction had on the jury's assessment of punishment."

See Beltran v. State, No. 5-12-01647-CR, 2016 Tex. App. LEXIS
7265, at 21-22 (tex. App - Dallas July 7, 2016)(not designated
for publication).

The failure of the trial court to instruct the jury on the
issue of sudden passion shackled the defense at final argument,
and prevented the jury from applying the law to the evidence they
heard.  The evidence in this case established that Petitoner was

in a rage, obviously caused by his extreme consternation with the surrepititious relationship the deceased was maintaining with Petitioner's competitor for his affections. The evidence establis-hed that Petitioner went over to the apartment unarmed to confront her, obviously not with the intent to kill her.  The evidence also established that he retrieved the murder weapon only during the heat of the moment during the altercation that preceded the murder. Petitioner was obviously acting under sudden passion of the moment, or at least the issue was sufficiently raised to warrant instruc-tion to the jury.  It was the jury's decision to determine the weight to be given the evidence.  The jury was unable to do so, since the trial court refused to even instruct the jury on the law applicable to sudden passion.

The harm to Petitioner occasioned by the refusal of the trial court to properly instruct the jury is extreme.  Had the jury been so instructed, the punishment range would have been reduced to a lower level than that which was presented to the jury.  The sente-nce of the maximum punishment allowed by law, under the erroneous instructions, evidences the effect of the failure of the trial court to properly instruct the jury.  For this reason, Petitioner urges that this cause be reversed.

PRAYER

**WHEREFORE**, it is respectfully submitted, and Petitioner prays, that the United States District Court For The Eastern Dist. District of Texas, Beaumont Division, Beaumont, Texas will:

22

1) Order and conduct an evidentiary hearing;

2) Order that Walters' conviction and sentence be reversed and a new trial ordered; and

3) order that Petitioner receive such other and further relief to which he is entitled and this Court deems appropriate and just.

Respectfully submitted,

Davis Walters
Petitoner pro se
TDC# 2292782
Wainwright Unit
2665 Prison Rd. #1
Lovelady, TX 75851

23

## DECLARATION

I, Davis Walters, certify, verify, and state under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this the _4th_ day of _May_, 2023.


_Davis Walters_
Davis Walters
Petitioner pro se
TDC# 2292782
Wainwright Unit
2665 Prison Rd. #1
Lovelady, TX 75851

## CERTIFICATE OF SERVICE

I, do hereby certify that a true and correct copy of the foregoing pleading was served by placing the same in the Internal Legal Mailing Sysytem, postage pre-paid on the _4th_ day of _May_, 2023 to the U.S. District Court, Eastern District of Texas, 300 Willow St., Suite 104, Beaumont, TX 77701.

Executed on this the _4th_ day of _May_, 2023.


_Davis Walters_
Davis Walters
Petitioner pro se
TDC# 2292782
Wainwright Unit
2665 Prison Rd. #1
Lovelady, TX 75851

Davis Walters
TDCJ# 2292782
2665 Prison Rd #1
Lovelady, TX 75851
Wainwright

Legal Mail: United States District Court
Eastern District of Texas
300 Willow St, Ste 104
Beaumont, TX 77701

CLERK, U.S. DISTRICT COURT
RECEIVED

MAY 1 1 2023

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS